FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT. 42 U.S.C. Sec. 1983
IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
Hot Springs DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 05 2015

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

__Patric Patterson
(Enter above the full name of the plaintiff
in this action.)

Prisoner ID No. __107498__

V.                                    CASE NO. __15-6017__

_Wendy Kelley, Director, Arkansas Department of Correction

_Randy Watson, Warden, Varner Unit

_Mr. Andrews, Deputy Warden, Varner Unit

_Major Bolden, Varner Unit

_Capt. John Doe #2, Varner Unit

_Lt. Bankston, Varner Unit

_Sgt. John Doe #1, Varner Unit

_CO-I Manzetti, Varner Unit


(Enter above the full name of the defendant,
or defendants, in this action.)

I.      Previous Lawsuits

        A.      Have you begun other lawsuits in state of federal court dealing with the same facts
                involved in this action?

                Yes _____       No __X__

        B.      If your answer to A is yes, describe each lawsuit in the space below
                including the exact plaintiff name or alias used. (If there is more than one
                lawsuit, describe the additional lawsuits on another piece of paper using
                the same outline.)

1. Parties to the previous lawsuit:

   Plaintiffs: _____N/A_____

   Defendants: _____N/A_____

2. Court (If federal court, name the district; if state court, name the county):

   _____N/A_____

3. Docket Number: _____N/A_____

4. Name of Judge to whom case was assigned: _____N/A_____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____N/A_____

6. Approximate date of filing lawsuit: _____N/A_____

7. Approximate date of disposition: _____N/A_____

II. Place of present confinement: <u>Ouachita River Correctional Unit - Malvern, AR</u>

III. There is a written prisoner grievance procedure in the Arkansas Department of Correction and in your county jail. <u>Failure to complete the grievance procedure may affect your case in federal court.</u>

   A. Did you present the facts relating to your complaint in the state or county written prisoner grievance procedure?

   __x__Yes    _____No

   B. If your answer is YES, attach copies of the most recent written grievance(s)/ response(s) relating to your claim showing completion of the grievance procedure. <u>FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT</u>.

   C. If your answer is NO, explain why not:_____N/A_____

IV.  Parties

(In item A below, place your name in the first blank and place your present address in the second blank.)

A.  Name of Plaintiff:  Patric Patterson #107498
   Address:  Ouachita River Unit, P.O. Box 1630, Malvern, AR 72104

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

B.  Name of Defendant:  Ms. Wendy Kelley
   Position:  Director, Arkansas Department of Correction
   Place of Employment:  Central Office
   Address:  P.O. Box 8707, Pine Bluff, AR 71611

   Name of Defendant:  Warden Randy Watson
   Position:  Warden, Varner Unit
   Place of Employment:  Varner Unit
   Address:  Varner Unit, P.O. Box 400, Varner, AR 71644

   Name of Defendant:  Mr. Andrews
   Position:  Deputy Warden, Varner Unit
   Place of Employment:  Varner Unit
   Address:  Varner Unit, P.O. Box 400, Varner, AR 71644

   Name of Defendant:  Major Bolden
   Position:  Building Major, Varner Unit
   Place of Employment:  Varner Unit
   Address:  Varner Unit, P.O. Box 400, Varner, AR 71644

Name of Defendant:  Capt. John Doe #2
Position:           Building Captain, Varner Unit
Place of Employment: Varner Unit
Address:            Varner Unit, P.O. Box 400, Varner, AR 71644

Name of Defendant:  Lt. Bankston
Position:           Lieutenant, Varner Unit
Place of Employment: Varner Unit
Address:            Varner Unit, P.O. Box 400, Varner, AR 71644

Name of Defendant:  Sgt. John Doe #1
Position:           Sgt., Varner Unit
Place of Employment: Varner Unit
Address:            Varner Unit, P.O. Box 400, Varner, AR 71644

Name of Defendant:  CO-I Manzetti
Position:           CO-I, Varner Unit
Place of Employment: Varner Unit
Address:            Varner Unit, P.O. Box 400, Varner, AR 71644

V.  Are you suing the defendants in:

　　　_____  Official capacity only

　　　_____  Personal capacity only

　　　__x__   Both official and personal capacity

VI. At the time of the alleged incident(s), were you:
    (Check appropriate blank)

　　　_____  In jail and still awaiting trial on pending criminal charges

　　　__X__   Serving a sentence as a result of a judgment of conviction

　　　_____  In jail for other reason (e.g., alleged probation violation, etc.)

Explain:    Capitol Murder from White County

Please provide the date of your conviction or probation or parole revocation:

Convicted on 11/3/1995

VII.  Statement of Claim

State here as briefly as possible the Facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

At Varner Unit on 3/16/2014, I was asleep in 13-Barracks, Bed 2, and was attacked by another inmate. Due to my injury, I lost my left eye, completely. The inmate who attacked me was able to repeatedly assault me with the weapon he was wielding for an extended period of time, as a result of the fact that there was no security in the barracks. CO-I Manzetti was the officer assigned to the 13/14 barracks booth, and he was not present in the booth or in the vicinity of the barracks where he could observe the activity in the barracks. There are 54 inmates assigned to each barracks, and one officer is insufficient to provide adequate security for two (2) barracks. There were two (2) issues concerning CO-I Manzetti. An adequate number of security officers were not assigned for the number of inmates present, and second, CO-I Manzetti was inattentive to his duties. The officers who work the barracks, (including CO-I Manzetti), are notorious for documenting security checks in the barracks, and not actually making the security rounds, (which can be verified by use of the cameras). Sgt. John Doe #1 was the Sgt. over the area CO-I Manzetti was assigned to, and Lt. Bankston was the Shift Lt. over the shift. Sgt. John Doe #1 & Lt. Bankston were directly responsible for the fact that CO-I Manzetti was inadequately trained or supervised, resulting in CO-I Manzetti's inattentiveness. Sgt. John Doe #1 and Lt. Bankston are directly responsible for the fact that more than one (1) security officer was not assigned to 13/14 barracks on 3/16/2014. Lt. Bankston and Major Bolden insist that security for 13/14 barracks was adequate as a direct result of that being what the Policy says. Warden R. Watson quoted Policy VU.03.2.0, when proclaiming that "...staffing plans are implemented to ensure that shifts are operable." Note that staffing plans are NOT implemented to ensure that shifts are providing adequate security for the number of barracks and inmates there

are to provide security for. Sgt. John Doe #1, Lt. Bankston, Captain John Doe #2, Major Bolden, Warden R, Watson, and Deputy Warden Andrews are all familiar with the fact that it takes more than one (1) security officer to provide adequate security for two (2) barracks. Warden R. Watson stated; "The assignment of staff to particular posts/jobs is an administrative decision..." The "administrative" persons responsible for creating the "assignment of staff to particular posts/jobs" decisions are aware of Accreditation Standards that the Department of Correction boasts that they meet repetitively, which require "direct supervision" for multiple-occupancy rooms. Accreditation Standards are disregarded when two (2) barracks, housing 54 inmates each, only require one (1) security officer as a "staffing plan". One (1) security officer cannot provide "direct supervision" for two (2) barracks, housing 54 inmates in each barracks. "Direct supervision cannot be provided outside of a barracks.

I have described four (4) separate "causes" of this incident; all four (4) of which contribute to the deliberate indifference of the staff members mentioned.

(1) CO-I Manzetti being inattentive to his duties, allowing the inmate to physically assault me, repeatedly, for an extended period of time. CO-I Manzetti knew that if he did not pay attention to what was going on inside the barracks with direct supervision, the potential for inmate assaults existed. Knowing the propensity for violence in an unattended barracks, CO-I Manzetti was inattentive to his duties anyway, allowing the inmate to assault me repeatedly, for an extended period of time, actually unable to provide direct supervision for 13 barracks.

(2) Sgt. John Doe #1 and Lt. Bankston did not adequately train CO-I Manzetti. Sgt. John Doe #1 & Lt. Bankston knew that there was a potential in any of the open barracks at any given time for violence, inmate assaults, and officer assaults. Knowing the propensity for inmate and officer assaults in the barracks, Sgt. John Doe #1 & Lt. Bankston allowed CO-I Manzetti to work under their command with inadequate training and inadequate supervision.

(3) Sgt. John Doe #1 & Lt. Bankston knew that one (1) security officer was not enough security for two (2) barracks, housing 54 inmates each, (evidenced by a policy in place for a time that forbid officers to enter a barracks alone. Officers were required to await the arrival

of their supervisor before entering a barracks for any reason), and therefore, they both knew the importance of insuring that all security officers under their command were properly trained and supervised. Knowing that one (1) Officer would be inadequate security, unable to provide direct supervision for two (2) barracks, Sgt. John Doe #1 & Lt. Bankston only assigned one (1) officer to 13 and 14 barracks anyway.

(4)   Several of the defendants, including Capt. John Doe #2, Lt. Bankston, Major Bolden, and Warden R. Watson, insist that Policy only provides for enough staff for the Unit to be "operable". The defendants know that there are not enough staff members (security) to adequately maintain security, and provide direct supervision for the number of barracks there are, and the number of inmates housed in those barracks. The named defendants are aware of the fact that, due to staff shortage, the likelihood of inmate assaults is highly likely, Having that knowledge, named defendants allow the shortage of staff to go unchecked. The Varner Unit is a Maximum Security Unit, housing a variety of potentially violent inmates, and each and every defendant cannot deny knowledge of this fact, as, with deliberate indifference, they failed to protect me, resulting in the loss of my left eye. As stated by Warden R. Watson, "Administrative Decisions" dictate what policy is, and how Policy is carried out. The Director, Ms. Wendy Kelley is responsible for the creation and implementation of Policy, but that does not excuse the every day common sense decisions specific security officers make with respect to how many officers are needed to provide direct supervision for, and protect large numbers of inmates.

The end result is a crystal clear case of "failure to protect". The defendants acted with deliberate and callous indifference to to their duty to protect me. The defendants each acted individually, disregarding a known risk to my safety, when each of them could have intervened and insured that adequate security, and actual direct supervision *was* provided in 13 barracks. Additionally, all of the defendants, except CO-I Manzetti, Sgt. John Doe #1, Lt. Bankston and Capt. John Doe #2 could have changed the Policy, or influenced a change to the policy. The Policy is flawed and contributed to the deliberate indifference; the failure to protect me.

VIII.   Relief

If you are seeking to recover damages from the named defendants, check the appropriate blank or blanks below for the type or types of damages that you are seeking:

__x__ Compensatory damages (designed to compensate persons for injuries, such as physical pain and suffering, etc., that are caused by the deprivation of constitutional rights)

__x__ Punitive damages (designed to punish a defendant for engaging in misconduct and deter a defendant and others from engaging in misconduct in the future)

State briefly below any other relief you are seeking in this action. Make no legal arguments. Cite no cases or statutes.

One Million Dollars Punitive, Mental and physical harm, and One Million Dollars for Cruel and Unuasual Punishment/Failure to Protect, resulting in the loss of my eye.

I declare under penalty of perjury (18 U.S.C. § 1621) that the forgoing is true and correct.

Executed this __21__ day of __Feb,_____, 2015.

Patric Patterson #107498
Ouachita River Unit
P.O. Box 1630
Malvern, AR. 72104

State of Arkansas       )
                        )  ss
County of Hot Spring    )

Subscribed and sworn to before me this 21 day of Feb., 2015.

*[Notary seal: Evelyn Haynie-Gulley, Notary Public, Ouachita County, Arkansas, No. 12384736, My Commission Expires 10-14-2021]*

_Evelyn Haynie-Gulley_
Notary

My Commission expires: 10 / 14 / 2021

## - CERTIFICATE OF SERVICE -

On this 21rst day of February, 2015, I, Patric Patterson #107498, did place two (2) copies of my 42 U.S.C.A. 1983 into the U.S. Mail, addressed to: U.S. District Court Clerk, 35 E. Mountain, Room 510, Fayetteville, AR 72701.

_Patric Patterson 107498_
Patric Patterson #107498
Ouachita River Unit
P.O. Box 1630
Malvern, AR. 72104